UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLAY WHITTINGHILL** | **CIVIL ACTION NO:** _____ |
| **VERSUS** | **SECTION:** _____ |
| **ABDON CALLAIS OFFSHORE, L.L.C.** | **MAGISTRATE:** _____ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORIGINAL SEAMAN'S COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

The Complaint of Clay Whittinghill, a person of majority age and a domiciliary of the State of Florida, County of Walton, with respect, represents:

1.

Made defendant herein is Abdon Callais Offshore, L.L.C., an active Louisiana corporation domiciled in Golden Meadow, LA, which employed more than 50 employees for

each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

## CAUSE OF ACTION UNDER JONES ACT AND GENERAL MARITIME LAW

2.

On April 20, 2010, at about 10:00 p.m. Central Standard Time on the Outer Continental Shelf, off the Louisiana coast, the Deepwater Horizon exploded, caught fire and subsequently sank.

3.

It has been estimated that since the explosion, fire and sinking of the Deepwater Horizon up to 60,000 barrels per day of oil began to leak from the Macondo well, which the DEEPWATER HORIZON worked.  Massive amounts of contaminants in addition to oil, including produced water (which contains barium, benzene, zinc, chlorides, sulfate, bicarbonate, ammonia, naphthalene, phenolic, radium, oil and grease), radioactive pollutants, drilling fluids (made of barite, which contains mercury and cadmium), drill cuttings, produced sand containing oil and radio nuclides or naturally occurring radioactive materials ("NORM"), cement, methane gas (which in high volumes deplete the oxygen in the water) have also been leaking from the well.  Contaminants, such as the oil dispersant Corexit and antifreeze, have been used in massive amounts in attempts to disperse and/or collect the oil, and controlled burns have been used vaporize certain surface pollutants.

4.

At all relevant times, Defendant owned, controlled and operated the M/V ST. IGNATIUS LOYOLA, a vessel in navigation, and employed Plaintiff as a member of its crew.

5.

From approximately April 23, 2010, until June 8, 2010, during which time Plaintiff was attached to the vessel, the M/V ST. IGNATIUS LOYOLA was hired to work in the immediate vicinity of the DEEPWATER HORIZON in the collection of discharged oil.

6.

Over the course of this period, and over the normal course of his employment, and both when inside and outside of the vessel, Plaintiff was continuously exposed to the contaminants, and fumes from the contaminants, listed in the preceding paragraphs, without the benefit of warnings, personal protective equipment, fit testing, instructions, or other means to protect himself from their toxic effects.

7.

As a proximate result of the exposure to contaminants described in the preceding paragraphs, Plaintiff suffered severe, painful, and disabling injuries to his body, including but not limited to occupational bronchitis, sinusitis, distorted vision, disorientation, rashes, headaches, nausea, and abdominal pains, as well as severe psychic trauma and emotional suffering all due to the ordinary and gross and willful negligence of Defendant and the unseaworthiness of the M/V ST. IGNATIUS LOYOLA, aboard which Plaintiff was working under the direction and control of Defendant.

8.

The aforesaid toxic exposures and resulting severe, painful, and disabling injuries have caused Plaintiff damages in the form of past and future pain and suffering; past and future medical expenses; and past and future lost wages.

9.

Jurisdiction of this cause of action against Defendant is based upon the Jones Act, 46 U.S.C. §30104, et seq. and the General Maritime Law.

## **CAUSE OF ACTION UNDER THE FAMILY AND MEDICAL LEAVE ACT**

10.

Plaintiff re-avers and re-alleges each and every allegation of law and fact contained in the previous paragraphs as if re-pled herein in their entirety.

11.

Plaintiff had worked for Defendant since approximately June 5, 2007, and had worked for more than 1,250 hours in the 12 months preceding his request for medical leave due to the injuries and medical conditions described.

12.

Starting on approximately June 3, 2010, Plaintiff requested FMLA-protected medical leave due to the Plaintiff's own serious health condition. Plaintiff called and wrote company management and informed them that Plaintiff would be unable to work due to the injuries and medical conditions described above for which Plaintiff needed and did in fact receive medical treatment.

13.

Both Plaintiff's personal physician and the Defendant's company physician informed Defendant that Plaintiff would not be able to return to work until his medical condition improved.

14.

On July 8, 2010, Plaintiff was informed that he was constructively terminated from his employment due to his inability to return to work, and specifically due to his personal physician's instruction that his current medical conditions rendered him then unfit to return to work around "hydrocarbons" present in the immediate vicinity of the DEEPWATER HORIZON clean-up efforts.

15.

Plaintiff alleges and asserts that his termination was unlawful pursuant to § 115 of the Family and Medical Leave Act of 1993, codified at 29 U.S.C.A. § 2615. Plaintiff's termination was discriminatory on the basis of Plaintiff's availing himself of his protected medical leave rights under the FMLA. WHEREFORE, Plaintiff is entitled to relief from Defendant in the following particulars:

1. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(I) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii).

2. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii).

3. Equitable relief in the form of reinstatement or frontpay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B).

4. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem just and proper.

**WHEREFORE**, Plaintiff Clay Whittinghill prays that defendant Abdon Callais Offshore, L.L.C., be duly cited and served and that after due proceedings are had that he obtain a judgment against defendant Abdon Callais Offshore, L.L.C. and in his favor for compensatory and statutory damages described above as may be appropriate under the circumstances; punitive damages in an amount to be determined by this Honorable Court; maintenance and cure; attorney fees; penalties; for all taxable costs and interest allowed by law, and for all additional and equitable relief to which this he may be entitled or as this cause may require.

Respectfully submitted,
**MARTZELL & BICKFORD**

/s/ Spencer R. Doody
**SCOTT R. BICKFORD T. A., (#1165)**
**SPENCER R. DOODY (#27795)**
**NEIL F. NAZARETH (#28969)**
338 Lafayette Street
New Orleans, LA 70130-3244
504/581-9065 (Telephone)
504/581-7635 (Fax)
usdcedla@mbfirm.com

PLEASE SERVE:

**ABDON CALLAIS OFFSHORE, L.L.C.**

*Through its registered agent for service:*
Charles Michael Callais
1300 North Alex Plaisance Blvd.
P.O. Box 727
Golden Meadow, La 70357